E. M. COOKE, ADMINISTRATOR OF THE ESTATE OF GILLIS K. COOKE, DECEASED, v. R. A. GILLIS AND STANDARD OIL COMPANY OF NEW JERSEY.

(Filed 20 December, 1940.)

**1. Pleadings § 20—**

Upon demurrer, the allegations of the complaint will be taken as true and will be construed with a view to substantial justice.

**2. Master and Servant § 49—Where complaint alleges that defendants were not operating under Compensation Act, demurrer on ground that Industrial Commission had exclusive jurisdiction, is bad.**

Under the facts alleged, the parties were presumed to have accepted the provisions of the Compensation Act, Michie's Code, 8081 (k), but the complaint further alleged that in respect to the employee's work defendants "were not operating under the Compensation Act." *Held:* The allegation that defendants were not operating under the act involves both law and fact, and the allegation is sufficient to admit of proof of nonacceptance of the provisions of the act, Michie's Code, 8081 (1), and it was error for the court to sustain defendants' demurrer on the ground that the Industrial Commission had exclusive jurisdiction, it being a question of law for the court, when the plaintiff introduces his evidence, whether defendant employer was not operating under the act.

APPEAL by plaintiff from *Grady, J.,* at September Term, 1940, of DURHAM.

Civil action for recovery of damages for alleged wrongful death. C. S., 160-161.

Plaintiff in complaint filed alleges in part that on or about 5 June, 1939, his intestate, Gillis K. Cooke, was, and for about six weeks prior thereto, had been in the employment of the defendants as a painter, and

engaged under the direction of defendant, R. A. Gillis, superintendent or foreman of his codefendant, Standard Oil Company of New Jersey, in painting the equipment owned and maintained by said company at various filling stations in the State of North Carolina; that there were in the employment of these defendants several other persons engaged in similar work and at times these employees were divided into two groups or crews, going from place to place painting the equipment owned and maintained by said company; that on or about said date, "and prior thereto, Standard Oil Company of New Jersey had regularly in service several hundred employees in the same business within this State; and at said time and for some time prior thereto, the defendants had regularly in service five or more employees engaged in painting the property and equipment of Standard Oil Company of New Jersey at various filling stations and bulk plants in the State of North Carolina; that the plaintiff is advised, informed, and believes, and therefore alleges that the defendants at the time of the wrongful death of plaintiff's intestate herein complained of, and for more than a year prior thereto, were not operating under the Workmen's Compensation Act of North Carolina with respect to plaintiff's intestate and other employees engaged in painting the equipment of Standard Oil Company of New Jersey at various stations and bulk plants throughout the State of North Carolina;" and that the death of his intestate on said date was proximately caused by the negligence of defendants in the manner alleged as therein set forth.

Defendant, Standard Oil Company of New Jersey, demurred to complaint and to right of plaintiff to maintain this action upon the ground:

1. That Superior Court does not have jurisdiction of the subject matter, for that it appears upon the face of the complaint that at the time alleged plaintiff's intestate was in the employment of this defendant, who had regularly in service several hundred employees in the same business within this State and that the death of plaintiff's intestate occurred and arose out of and in the course of such employment;

2. That only the Industrial Commission of North Carolina, in the administration of the Workmen's Compensation laws of North Carolina, has exclusive, original jurisdiction of the subject matter of the action.

Before the hearing upon the demurrer plaintiff moved to amend the complaint and renewed and insisted upon his motion during the hearing and after the ruling upon the demurrer.

The court below being of opinion "that the Industrial Commission has the final and exclusive jurisdiction of the cause of action alleged in the complaint," sustained the demurrer, and further being of that opinion, denied the motion of plaintiff for permission to amend, and entered judgment dismissing the action.

Plaintiff appeals therefrom to Supreme Court and assigns error.

*Basil M. Watkins for plaintiff, appellant.*
*Pou & Emanuel for defendant, appellee.*

WINBORNE, J.  Accepting the allegations in the complaint in this action to be true, and construing them "with a view to substantial justice between the parties," as we must do when testing their sufficiency upon challenge by demurrer, we are of opinion and hold that the allegation that "defendants at time of the wrongful death of plaintiff's intestate . . . were not operating under the Workmen's Compensation Act of North Carolina" is sufficient to admit of proof.  *Calahan v. Roberts,* 208 N. C., 768, 182 S. E., 657.

While under the provisions of the Workmen's Compensation Act of North Carolina, it is true that both employer and employee, coming within the definitions therein set forth, are presumed to have accepted the provisions of the Act respectively to pay and accept compensation for personal injury, or death resulting from injury by accident arising out of and in the course of the employment and, nothing else appearing, are bound by its terms, Public Laws 1929, ch. 120, sec. 4; Michie's Code, sec. 8081 (k), *Pilley v. Cotton Mills,* 201 N. C., 426, 160 S. E., 479; *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560; *Miller v. Roberts,* 212 N. C., 126, 193 S. E., 286, and that the Industrial Commission of North Carolina has exclusive original jurisdiction to hear and determine matters of compensation for personal injury or death, sec. 11, Michie's Code, 8081 (r), subject to review by appellate courts as to matters of law, the Act provides in sec. 5 a method by which both employer and employee may effect a nonacceptance of the provisions of the Act. Michie's Code, 8081 (l).  See *Miller v. Roberts, supra.*

In the *Calahan case, supra,* in opinion by *Schenck, J.,* it is said that "the presumption of acceptance may be rebutted by the proof of non-acceptance, and the plaintiff has laid the foundation for such proof by alleging that the 'defendants . . . were not operating under the Workmen's Compensation Act.' "  In the present case the allegation is in substantially the same language.

However, it is earnestly contended in behalf of appellee that here there is no allegation of fact, to wit, notice of nonacceptance as contemplated by the statute and as was alleged in the *Calahan case, supra,* as shown by the record there, and that here the allegation that "defendants . . . were not operating under the Workmen's Compensation Act" is a mere allegation of a conclusion of law.  With this, we are unable to agree.  Whether "defendants were *not* operating under the Workmen's Compensation Act" involves both law and fact.  We think

the allegation is sufficient to admit of proof with regard thereto. Whether plaintiff shall be able to support his allegation with sufficient proof is a matter not now before us.  Upon the facts found by the court upon competent evidence, when offered, the question of law as to whether defendant Standard Oil Company of New Jersey was *not* operating under the Act will then arise.  *Aycock v. Cooper*, 202 N. C., 500, 163 S. E., 569; *Young v. Mica Co.*, 193 S. E., 285.

For the reasons stated, we hold that the court below erred in ruling that, as a matter of law, upon the face of the complaint, it appears that the Superior Court is without jurisdiction.  Hence, it is unnecessary to discuss the question as to whether or not the court, for the reason assigned, properly denied motion to amend.

The judgment below is

Reversed.