HAROLD E. SMITH, Employee, Plaintiff-Appellee v. FIRST CHOICE SERVICES, Employer, and STATE FARM INSURANCE COMPANY, Carrier, Defendants-Appellants

No. COA02-814

(Filed 3 June 2003)

1. Workers' Compensation— jurisdiction—insurance coverage—officer exclusion—mutual mistake

The Industrial Commission did not lack jurisdiction to apply the Workers' Compensation Act to plaintiff's claim even though defendant insurance carrier contends plaintiff was not considered an employee under the pertinent insurance contract based on an alleged officer exclusion, and no reformation of the pertinent contract is required because: (1) plaintiff worked for defendant employer as an officer until his accident, the accident arose out of and occurred during the course of his employment with his employer, and thus plaintiff is considered an employee for the purpose of the Workers' Compensation Act even if his employer opted to exclude workers' compensation coverage for officers in its contract with defendant insurance carrier; and (2) defendant did not meet its burden of showing mutual mistake.

2. Workers' Compensation— detailed findings of fact—mutual mistake

The Industrial Commission did not err in a workers' compensation case by failing to make more detailed findings concerning the insurance application, the renewal audit reports, and the witnesses' differing testimony before reaching a conclusion regarding mutual mistake and draftsman's mistake, because: (1) the Court of Appeals already concluded that competent evidence existed to support the Industrial Commission's finding of fact that there was no mutual mistake between defendant insurance carrier and defendant employer; and (2) the Industrial Commission made findings on all ultimate facts in this case and no additional findings of fact were required.

3. Workers' Compensation— credit for salary—available to employer and not to insurance carrier

The Industrial Commission did not err in a workers' compensation case by denying defendant insurance carrier a credit for salary paid to plaintiff by defendant employer after plaintiff's injury, because: (1) the payments were considered due and

payable under N.C.G.S. § 97-42 since defendants accepted plaintiff's claim as compensable and defendant employer initiated payment of partial benefits, and the employer is not entitled to receive a credit for payments that are due and payable; and (2) there is no evidence that defendant insurance carrier made any payment of benefits to plaintiff following his injury, and N.C.G.S. § 97-42 does not provide for the insurance carrier to receive a credit for payments made by the employer.

Appeal by defendants from opinion and award entered 6 March 2002 by the North Carolina Industrial Commission. Heard in the North Carolina Court of Appeals 20 February 2003.

*John J. Korzen and Ling & Farran, by Jeffrey P. Farran, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Michael C. Sigmon and Matthew P. Blake, for defendants-appellants.*

McGEE, Judge.

State Farm Insurance Company (State Farm) appeals from the opinion and award of the Industrial Commission awarding disability compensation to Harold E. Smith (plaintiff).

State Farm filed a Form 61 dated 30 July 1997 denying plaintiff's workers' compensation claim, stating that plaintiff was "not a covered employee under the Workers' Compensation Act." Plaintiff filed a Form 33 request for hearing dated 27 October 1997. State Farm filed a Form 33R response to request for hearing dated 15 December 1997 stating that defendants were not liable for benefits claimed by plaintiff.

The evidence before the Industrial Commission tended to show that First Choice Services (First Choice) was a small family-owned company in the business of insurance restoration work. Plaintiff was vice-president and secretary of First Choice and was responsible for sales, marketing and estimations. While trying to reach some cartons on 17 April 1997, plaintiff fell off a ladder onto a concrete warehouse floor and fractured both his femur and his left wrist. Plaintiff's average weekly wage was $581.40 at that time.

State Farm began providing First Choice with workers' compensation insurance coverage in 1991. Initially, First Choice elected to exclude its officers from coverage under the policy. Peggy Smith

SMITH v. FIRST CHOICE SERVS.

[158 N.C. App. 244 (2003)]

(Mrs. Smith), plaintiff's wife and an employee of First Choice, testified that officers were excluded from coverage to save money because the officers' job requirements made it less likely they would be injured.

Mrs. Smith later revisited the issue of officer coverage with Richard Kepler (Kepler), an independent agent of State Farm. Mrs. Smith testified that when she asked Kepler if adding the officers would "shoot [her] premiums sky high," he responded "not really" because there had been no previous workers' compensation claims against First Choice. Mrs. Smith claimed that Kepler explained that workers' compensation would pay two-thirds of an officer's salary if an officer was injured and unable to work. She also testified that when the policy was renewed, she asked Kepler to "go ahead and add the officers on."

Mrs. Smith testified that after plaintiff was injured, she called Kepler and asked if First Choice should submit a workers' compensation claim. Mrs. Smith said Kepler asked whether there was an officer's exclusion on First Choice's policy, and Mrs. Smith responded that there was not. Mrs. Smith also stated that Kepler then checked his computer to confirm whether there was an exclusion. Upon finding no officer exclusion, Kepler told Mrs. Smith to file a claim for workers' compensation.

Plaintiff was disabled due to the accident and was unable to return to work. Mrs. Smith stated that First Choice voluntarily paid plaintiff one-third of plaintiff's salary. Mrs. Smith testified that First Choice made the payments because she was under the impression that workers' compensation would pay the other two-thirds of plaintiff's salary. Four months after plaintiff's accident, First Choice stopped paying any salary to plaintiff because business had declined in plaintiff's absence and money had become very tight.

Mrs. Smith testified that in July 1997 she received a letter from State Farm denying coverage to plaintiff. Upon receipt of the letter, she went to Kepler's office to inquire about why plaintiff was denied coverage. Kepler said he did not remember a prior conversation between Kepler and Mrs. Smith about adding the officers to the policy because "he talked to so many people he couldn't remember . . . individual conversations."

Although Kepler testified that First Choice's policy did not include officer coverage, he also testified that it was possible that the

conversation in which Mrs. Smith requested officer inclusion had occurred. Kepler admitted that his hard copy of the policy contained no exclusions. He later testified that an oral request was sufficient to change policy coverage. Kepler also testified that the premium statements did not indicate who was covered and that he was not accusing plaintiff or Mrs. Smith of fraud or misrepresentation. Furthermore, when Kepler was asked, "as far as you know, [there] was a unilateral mistake by State Farm," he responded, "I can't dispute that."

State Farm employee Elise Cobb (Cobb) testified that all First Choice's premiums were current and that the workers' compensation policy in effect did not contain an officer exclusion as of 17 April 1997.

State Farm audit supervisor Michael Chesnet (Chesnet) testified that during a 1995-1996 audit meeting, Mrs. Smith indicated that First Choice's officers were excluded from coverage. However, he admitted that he was not aware of what coverage Mrs. Smith requested from Kepler. Chesnet admitted that First Choice's annual premium had increased between 1996 and 1997, from $3,800 to $6,100 per year. Chesnet stated he was not the auditor in 1997 and did not speak with Mrs. Smith at that time. Chesnet testified that a computer system error during automatic renewal time accounted for the officer inclusion on First Choice's policy.

A deputy commissioner, in a bifurcated hearing, filed an opinion and award on 15 December 1998, finding that Mrs. Smith's testimony was "very credible" and that evidence indicated that a unilateral mistake was made by State Farm. The deputy commissioner concluded that plaintiff proved that "plaintiff was an 'employee' of the corporate employer for purposes of the Worker's Compensation Act." A deputy commissioner filed another opinion and award on 15 June 2000 and awarded compensation to plaintiff in the amount of $387.60 per week.

State Farm appealed to the Full Commission arguing that the findings of fact were not supported by the evidence. Plaintiff also requested attorney's fees, reimbursement to plaintiff for medical bills, and retroactive interest on the compensation award.

The Full Commission filed an opinion and award on 6 March 2002 which modified in part and affirmed in part the deputy commissioner's decisions. The opinion awarded plaintiff $387.60 per

week for temporary total disability compensation, all medical expenses incurred as a result of the injury, and attorney's fees. State Farm appeals.

When reviewing an Industrial Commission decision, our Court is "limited to reviewing whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). The Industrial Commission is the finder of fact and this Court may not reweigh the evidence presented but must restrict its review to determining whether there is " 'any evidence tending to support the finding.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting *Anderson v. Construction Co.*, 265 N.C. 431, 434, 144 S.E.2d 272 (1965)). Therefore, the findings of the Industrial Commission are conclusive on appeal when supported by competent evidence " 'even though there be evidence that would support findings to the contrary.' " *Id.* (quoting *Jones v. Desk Co.*, 264 N.C. 401, 402, 141 S.E.2d 632, 633 (1965)).

I.

[1] State Farm first argues that the Industrial Commission lacked jurisdiction to apply the Workers' Compensation Act to plaintiff's claim as plaintiff was not considered an employee under the insurance contract in question and was therefore not subject to the Act's provisions. State Farm claims there was no enforceable contract for insurance coverage of First Choice's officers because the policy inclusion was due to draftsman's error and mutual mistake on the part of defendants. State Farm seeks reformation of the insurance policy under which plaintiff claims coverage.

The North Carolina Supreme Court has determined that the Industrial Commission has jurisdiction "to hear 'all questions arising under' the [Workers'] Compensation Act. . . . This jurisdiction under the statute ordinarily includes the right and duty to hear and determine questions of fact and law respecting the existence of insurance coverage and liability of the insurance carrier." *Greene v. Spivey*, 236 N.C. 435, 445, 73 S.E.2d 488, 495-96 (1952).

The record shows that plaintiff worked for First Choice as an officer until his accident. The accident arose out of and occurred during the course of his employment with First Choice. Plaintiff is therefore considered an employee for the purpose of the Workers'

Compensation Act, even if First Choice opted to exclude workers' compensation coverage for officers in its contract with State Farm. Since the Industrial Commission has "exclusive original jurisdiction to hear . . . matters of compensation for personal injury," subject to review by our appellate Courts on matters of law, the Industrial Commission had jurisdiction to determine whether plaintiff was entitled to insurance coverage at the time of the accident. *Cooke v. Gillis*, 218 N.C. 726, 728, 12 S.E.2d 250, 251-52 (1940). The Industrial Commission did not exceed its jurisdiction in hearing plaintiff's claim.

State Farm further argues that the policy's officer inclusion was a result of mutual mistake, and that State Farm is therefore entitled to reformation of the policy. A mutual mistake exists when both parties to a contract proceed " 'under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement.' " *Sudds v. Gillian*, 152 N.C. App. 659, 662, 568 S.E.2d 214, 217 (2002) (quoting *Metropolitan Property and Cas. Ins. Co. v. Dillard*, 126 N.C. App. 795, 798, 487 S.E.2d 157, 159 (1997)). A party seeking reformation must prove the existence of mutual mistake. *Id.* However, "[a] unilateral mistake by a party to a contract, unaccompanied by fraud, imposition, undue influence, or like circumstances of oppression is insufficient to avoid a contract." *Lowry v. Lowry*, 99 N.C. App. 246, 252, 393 S.E.2d 141, 144 (1990).

Mrs. Smith testified that she requested officer inclusion upon renewal of First Choice's policy. Kepler stated that he did not recall talking with Mrs. Smith about including officer coverage, although he also admitted that the request may have been made. When asked if there "was a unilateral mistake by State Farm," Kepler admitted that he could not dispute that. Mrs. Smith, Cobb and Kepler all testified that at the time of plaintiff's accident, the policy included coverage for plaintiff as an officer of First Choice. Chesnet testified that officers were included due to a computer error during automatic renewal. State Farm argues that the computer error should be regarded as draftsman's error and should be considered as evidence that the parties were mutually mistaken in their beliefs about the change in the officers' inclusion within the insurance policy.

Our case law supports the argument that "reformation on grounds of mutual mistake is available only where the evidence is clear, cogent and convincing." *Light v. Equitable Life Assurance Society*, 56 N.C. App. 26, 32-33, 286 S.E.2d 868, 872 (1982) (quoting *Durham v.*

*Creech*, 32 N.C. App. 55, 59, 231 S.E.2d 163, 166 (1977)). Findings of fact by the Industrial Commission are binding on appeal if they are supported by competent evidence. *Adams*, 349 N.C. at 681, 509 S.E.2d at 414. Upon weighing all the facts presented, the Industrial Commission found that "[d]efendants [did not meet] their burden in showing . . . mutual mistake." Since the Industrial Commission found that defendants did not show mutual mistake, and competent evidence exists to uphold such a finding, State Farm's claim for reformation of the contract fails. This argument is therefore overruled.

II.

[2] State Farm also argues that this case should be remanded to the Industrial Commission due to insufficient findings of fact. State Farm argues that the Industrial Commission was required to make more detailed findings in consideration of State Farm's claim that the officer inclusion was a result of mutual mistake by both State Farm and First Choice. We disagree.

When a party seeks to reform a contract due to an affirmative defense such as mutual mistake, misrepresentation or fraud, the burden of proof lies with the moving party. *See Metropolitan Property & Cas. Ins. Co.*, 126 N.C. App. at 799, 487 S.E.2d at 160 (holding that the insurance company had the burden of proving misrepresentation in the enforcement of an insurance contract). The evidence presented to prove mutual mistake must be "clear, cogent and convincing," and the question of reformation on that basis is a matter to be determined by the fact finder. *Durham*, 32 N.C. App. at 59, 231 S.E.2d at 166. The Industrial Commission is the ultimate fact finder. *Fennell v. N.C. Dep't of Crime Control and Pub. Safety*, 145 N.C. App. 584, 590, 551 S.E.2d 486, 490-91 (2001), *cert. denied*, 355 N.C. 285, 560 S.E.2d 800 (2002).

State Farm argues that the Industrial Commission was required to make specific findings concerning the insurance application, the renewal audit reports and the witnesses' differing testimony before reaching a conclusion regarding mutual mistake and draftsman's mistake. The Industrial Commission found that State Farm failed to satisfy its burden of proof of mutual mistake. The Commission was not required to make further detailed findings of fact regarding every disputed issue. *See Hansel v. Sherman Textiles*, 304 N.C. 44, 54, 283 S.E.2d 101, 107 (1981) (denying compensation due to the failure of the claimant, who had the burden of proof, to prove any one of the elements of compensation). Our Court need only determine if competent

evidence exists to support the Industrial Commission's findings, as remand is only necessary if "the findings of fact of the Commission are insufficient to enable the court to determine the rights of the parties upon the matters in controversy." *Id.* at 59, 283 S.E.2d at 109. This Court is not permitted to reevaluate evidence that may support a contrary conclusion and make a decision based on the weight of the evidence. *Adams*, 349 N.C. at 681, 509 S.E.2d at 414. We have already held that competent evidence existed to support the Industrial Commission's finding of fact that there was no mutual mistake between State Farm and First Choice. We hold that the Industrial Commission made findings on all ultimate facts in this case and that no additional findings of fact were required. This assignment of error is overruled.

III.

**[3]** State Farm argues that the Industrial Commission erred by denying State Farm a credit for salary paid to plaintiff by First Choice after plaintiff's injury. State Farm contends that it should be credited for payments made to plaintiff by First Choice after plaintiff's injury.

N.C. Gen Stat. § 97-42 (2001) states:

Payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this Article were not due and payable when made, may, subject to the approval of the Commission be deducted from the amount to be paid as compensation.

"Payments are due and payable under section 97-42 when the employer has accepted the plaintiff's injury as compensable and initiated payment of benefits." *Thomas v. B.F. Goodrich*, 144 N.C. App. 312, 318, 550 S.E.2d 193, 197, *disc. review denied*, 354 N.C. 228, 555 S.E.2d 276 (2001). When payments made by an employer are due and payable, the employer is not entitled to receive a credit for payments under the statute. *Id.* at 318-19, 550 S.E.2d at 197; *see also Moretz v. Richards & Associates*, 316 N.C. 539, 542, 342 S.E.2d 844, 846 (1986).

The evidence in the record shows that First Choice considered plaintiff's claim to be compensable and paid plaintiff one-third of his salary, the portion of salary that was not covered under the insurance policy, for four months following plaintiff's injury. First Choice stopped paying plaintiff because business declined in plaintiff's absence and First Choice could not afford to continue the payments.

There is also evidence in the record that State Farm indicated to First Choice that State Farm considered plaintiff's claim to be compensable and instructed First Choice to file a workers' compensation claim. Since defendants accepted plaintiff's claim as compensable and First Choice initiated payment of partial benefits, the payments were considered due and payable under the statute. *See Moretz*, 316 N.C. at 541-42, 342 S.E.2d at 846. Accordingly, State Farm is not entitled to a credit under the statute.

Additionally, there is no evidence in the record that State Farm made any payment of benefits to plaintiff following his injury. N.C.G.S. § 97-42 allows the employer to receive credit when the employer makes payment of benefits, the purpose of which is "to encourage voluntary payments by the employer during the time of the worker's disability." *Effingham v. Kroger Co.*, 149 N.C. App. 105, 119, 561 S.E.2d 287, 296-97 (2002). However, the statute does not provide for the insurance carrier to receive a credit for payments made by the employer. State Farm has failed to point us to any authority that would support such an interpretation of the statute. This assignment of error is without merit.

We have reviewed defendant's remaining assignments of error and find them to be without merit.

Affirmed.

Judges HUDSON and STEELMAN concur.