INLAND HARBOR HOMEOWNERS ASSOCIATION, INC., Plaintiff v. ST. JOSEPHS MARINA, LLC, RENAISSANCE HOLDINGS, LLC, ST. JOSEPHS PARTNERS, LLC, DEWITT REAL ESTATE SERVICES, INC., DENNIS BARBOUR, RANDY GAINEY, THOMAS A. SAIEED, JR., TODD A. SAIEED, ROBERT D. JONES, and THE NORTH CAROLINA COASTAL RESOURCES COMMISSION, Defendants

No. COA11-715-2

(Filed 4 September 2012)

**1. Declaratory Judgments—ownership of bulkhead—plaintiff's lack of ownership previously decided—title documents established defendants' ownership**

The trial court did not err in a declaratory judgment action by denying plaintiff's motion for summary judgment and granting defendants' on the issue of whether plaintiff owned the bulkhead which was the boundary between plaintiff and defendant's property. The Court of Appeals had already decided, in *Inland Harbor I*, that the trial court did not err in denying plaintiff's motion for summary judgment and the title documents established as a matter of law that defendants owned the bulkhead.

**2. Trespass—nuisance—no ownership of bulkhead—no riparian rights**

The trial court did not err by granting defendants' motion for summary judgment on plaintiff's claims for trespass by encroachment into riparian corridor, nuisance by unreasonable interference with riparian rights, and punitive damages based on the knowing and continuing encroachment into the bulkhead which plaintiff claimed was its property. Plaintiff did not own the bulkhead and had no riparian rights.

**3. Deeds—judicial reformation—mutual mistake**

The trial court did not err by granting summary judgment to defendants on plaintiff's claim for judicial reformation of a deed where plaintiff failed to meet its burden of showing a mutual mistake.

Appeal by Plaintiff from order entered 12 October 2010 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 9 November 2011.

*Clark, Newton & Evans, P.A., by Don T. Evans, Jr. and Seth P. Buskirk, for Plaintiff-Appellant.*

*Marshall, Williams & Gorham, LLP, by John. L. Coble and Williams Mullen, by Gilbert C. Laite, III and Kelly Colquette Hanley, for Defendants-Appellees.*

BEASLEY, Judge.

Inland Harbor Homeowners Association, Inc. (Plaintiff) commenced this civil action on 2 December 2009. Plaintiff filed an amended complaint on 27 January 2010 alleging several causes of action against Renaissance Holdings, LLC, Dewitt Real Estate Services, LLC, St. Josephs Partners, LLC, St. Josephs Marina, LLC, Randy Gainey, Dennis Barbour, Robert D. Jones, Thomas A. Saieed, Jr., and Todd A. Saieed (Defendants). Plaintiff sought, *inter alia,* (1) a declaratory judgment to determine ownership of the bulkhead which is the boundary between Plaintiff and Defendant St. Josephs Marina's property; (2) nuisance and trespass damages against St. Josephs Marina; and (3) judicial reformation of a deed. On 27 August 2010, Plaintiff filed its motion for partial summary judgment seeking declaration of ownership of the bulkhead and judicial reformation of the deed. On 23 September 2010, Defendants filed their motion for partial summary judgment for the same causes of action, and for the nuisance and trespass claims.

On 12 October 2010, the trial court entered the order of summary judgment which denied Plaintiff's motion for summary judgment and granted Defendants' motion. On 11 February 2011, Plaintiff voluntarily dismissed its final cause of action and filed notice of appeal on 7 March 2011. On 6 March 2012, this Court entered an opinion affirming the trial court's denial of Plaintiff's motion for summary judgment. *Inland Harbor Homeowners Assoc., Inc. v. St. Josephs Marina, LLC,* ____ N.C. App. ____, 724 S.E.2d 92 (2012) *(Inland Harbor I)*. On 10 April 2012, Plaintiff filed a petition for discretionary review to our Supreme Court. On 13 June 2012, our Supreme Court issued an order allowing discretionary review for the limited purpose of remanding the case to this Court for consideration of whether Defendants' motion for summary judgment was properly granted by the trial court. The facts from *Inland Harbor I* are reprinted below.

Plaintiff and Defendants St. Josephs Marina and St. Josephs Partners, LLC own adjacent land in Carolina Beach, N.C. on the western side of the Myrtle Grove Sound. A portion of the subject property lies below the average high water mark and is completely submerged by water.

BWT Enterprises Inc. (BWT) was the record owner of the subject property and is the common predecessor in title to both Plaintiff and St. Josephs. In 1983, BWT owned a 5.8 acre tract of land (parent tract) adjacent to the Myrtle Grove Sound. Part of the parent tract was divided into two separate tracts. Tract 1 consisted of 1.44 acres which contained submerged land and Tract 2 consisted of 2.7 acres of dry land. Between 1984 and 1985, BWT built a bulkhead across the parent tract that divided Tract 1 and Tract 2. In 1984, BWT recorded a condominium plat (Condo Plat) which identified the "Bulkhead Line", common areas, and future development. Shortly after BWT recorded the Condo Plat, BWT also formed Plaintiff, Inland Harbor Homeowners Association Inc. BWT also recorded a "Declaration of Inland Harbor Condominiums Phase I" (Declaration). The Declaration designated part of Tract 1 to condominium ownership and future development.

In 1985, BWT formed the Inland Harbor Yacht Club Limited Partnership (Yacht Club) and BWT conveyed the parent tract to the Yacht Club, subject to the Declaration. At that point, the Yacht Club owned the original parent tract, except for one condominium unit that was sold when BWT owned the parent tract. Later that year, the Yacht Club conveyed the parent tract, less the condominium units that were sold, to Sundance Resorts, Ltd. (Sundance). Sundance exe-

cuted a deed of trust to Branch Banking and Trust (BB&T) and in 1986 BB&T foreclosed and accepted a trustee's deed. After BB&T foreclosed, it obtained a Declaration of Title to Submerged Landscape for the submerged portions of the parent tract.

In 1989, BB&T conveyed the parent tract to FMS Development and Hyung Park (FMS and Park) and obtained a deed of trust. While FMS and Park held title, they amended the Declaration by executing "Amendment to Declaration of Unit Ownership and Covenants, Conditions and Restriction of Inland Harbor" (Amendment). In 1992, FMS and Park deeded the parent tract back to BB&T in lieu of foreclosure. In 1992, BB&T subdivided the parent tract and conveyed it in portions. BB&T conveyed the common areas located in Tract 1 to Plaintiff and conveyed the remaining parent tract to Mona Faye Black *et al.* (Blacks). The Blacks then conveyed a .28 acre parcel on Tract 1 to Plaintiff. In 2004, the Blacks conveyed all of their interest to St. Josephs Partners LLC (Partners).

In 2004, Plaintiff and Partners entered into an exchange agreement where Plaintiff agreed to exchange its .28 acres in exchange for .21 acres of Partners land. Partners also agreed to construct a pool with amenities, and perform other property maintenance. Subsequently, Partners began commercial development of the property. Partners rebuilt the bulkhead and constructed docks and marina facilities on the property. Partners applied for and was granted an easement over the submerged land with the boundaries running along the bulkhead. Plaintiff believes that it owns the bulkhead and the State improperly gave Partners an easement.

I.

**[1]** Plaintiff argues that the trial court erred in denying its motion for summary judgment and granting Defendants' on the issue of whether Plaintiff owns the bulkhead. We disagree.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (c) (2011). "[W]hen considering a summary judgment motion, all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 353 (2009) (internal quotation mars and citations). Appellate courts "review a trial court's order granting or deny-

**INLAND HARBOR HOMEOWNER'S ASS'N. v. ST. JOSEPHS MARINA, LLC**

[222 N.C. App. 689 (2012)]

ing summary judgment *de novo*" meaning that "the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Id.* at 337, 678 S.E.2d at 354 (internal quotation marks and citations omitted).

We have already decided, in *Inland Harbor I*, that the trial court did not err in denying Plaintiff's motion for summary judgment with regards to whether Plaintiff owned the bulkhead. *Inland Harbor I*, __ N.C. App. at ____, 724 S.E.2d at 95. In so concluding, we dismissed Plaintiff's arguments that (i) the bulkhead was a fixture attached to Plaintiff's property, (ii) the Declaration and Condo Plat show that the bulkhead is a part of the condominium common areas, and (iii) that the Amendment is a boundary agreement that is binding upon St. Josephs Marina, as meritless. *Id.* at ____, 724 S.E.2d at 96-97. We now address Defendants' argument that the title documents establish as a matter of law that Defendants own the bulkhead. Defendants point to the warranty deed filed after Partners purchased the property the Blacks received from BB&T. The deed describes six tracts of land in the subject property conveyed from the Blacks to Partners, including "[a]ll right, title and interest of the Grantors in any bulkheads adjoining Tract One and Tract Two. . . ." Given the clear language in the deed and the fact that Plaintiff's arguments to the contrary have been deemed meritless, we find that the trial court did not err in granting Defendants' motion for summary judgment on this issue.

## II.

**[2]** Plaintiff next claims that the trial court erred in granting Defendants' motion for summary judgment on Plaintiff's claims for trespass by encroachment into riparian corridor, nuisance by unreasonable interference with riparian rights, and punitive damages based on the knowing and continuing encroachment into Plaintiff's property. All of these tort claims are premised on the contention that Plaintiff has riparian rights in the bulkhead. As held in *Inland Harbor I*, Plaintiff has no riparian rights as Plaintiff does not own the bulkhead. Accordingly, the trial court did not err in concluding as a matter of law that Defendants were not liable for trespass or nuisance with regard to Plaintiff's riparian rights where Plaintiff has no such rights.

## III.

**[3]** Finally, Plaintiff argues that the trial court erred in granting summary judgment to Defendants on Plaintiff's claim for judicial reformation of the deed based on mutual mistake. It is well-established that "[w]hen a party seeks to reform a contract due to an affirmative

defense such as mutual mistake. . . the burden of proof lies with the moving party[]" to prove mutual mistake by clear, cogent, and convincing evidence. *Smith v. First Choice Servs.*, 158 N.C. App. 244, 250, 580 S.E.2d 743, 749 (2003). In *Inland Harbor I*, we concluded that Plaintiff failed to meet this burden. Because Plaintiff failed to meet its burden of showing a mutual mistake, the trial court did not err in granting summary judgment to Defendants on this issue.

Affirmed.

Judges STEELMAN and GEER concur.