**INLAND HARBOR HOMEOWNERS ASS'N v. ST. JOSEPHS MARINA, LLC**

[225 N.C. App. 721 (2013)]

INLAND HARBOR HOMEOWNERS ASSOCIATION, INC., Plaintiff
v.
ST. JOSEPHS MARINA, LLC, RENAISSANCE HOLDINGS, LLC, ST. JOSEPHS
PARTNERS, LLC, DEWITT REAL ESTATE SERVICES, INC., DENNIS BARBOUR,
RANDY GAINEY, THOMAS A. SAIEED, JR., TODD A. SAIEED, ROBERT D. JONES,
and THE NORTH CAROLINA COASTAL RESOURCES COMMISSION, Defendants

No. COA11-715-3

Filed 5 March 2013

**Deeds—judicial reformation—mutual mistake—clear, cogent, and convincing evidence**

The trial court did not err in a judicial reformation of a deed case by granting summary judgment in favor of defendants. Plaintiff failed to show a mutual mistake of the parties by clear, cogent, and convincing evidence.

Appeal by plaintiff from order entered 12 October 2010 by Judge W. Allen Cobb, Jr. in New Hanover County Superior Court. Heard in the Court of Appeals 9 November 2011.

*Clark, Newton & Evans, P.A., by Don T. Evans, Jr. and Seth P. Buskirk, for plaintiff–appellant.*

*Marshall, Williams & Gorham, LLP, by John. L. Coble and Williams Mullen, by Gilbert C. Laite, III and Kelly Colquette Hanley, for defendants–appellees.*

STEELMAN, Judge.

## I. Procedural History

This case was initially heard in the Court of Appeals on 9 November 2011, upon the appeal of plaintiff-appellant from the order of the trial court, entered 12 October 2010, which dismissed with prejudice plaintiff's first, second, third, fifth, and seventh causes of action. Subsequent to the entry of the trial court's order, plaintiff dismissed, without prejudice, its remaining claims. On 6 March 2012 the Court of Appeals filed an opinion affirming the decision of the trial court. *Inland Harbor Homeowners Ass'n, Inc. v. St. Josephs Marina, LLC,* ___ N.C. App. ___, 724 S.E.2d 92 (2012) *(Inland Harbor I)*.

On 13 June 2012 the Supreme Court of North Carolina entered an order allowing discretionary review for the limited purpose of remanding the case to the Court of Appeals for consideration of

whether the trial court properly granted defendants' motion for summary judgment. On 4 September 2012 the Court of Appeals filed a second opinion in this matter, again affirming the trial court's granting of summary judgment for defendants. *Inland Harbor Homeowners Ass'n, Inc. v. St. Josephs Marina, LLC*, ___ N.C. App. ___, 731 S.E.2d 704 (2012) *(Inland Harbor II)*. On 12 December 2012 the Supreme Court of North Carolina entered an order allowing discretionary review for the limited purpose of remanding the case to the Court of Appeals for consideration of the issue of whether

> The Trial Court erred in denying appellant's [plaintiff's] motion for summary judgment on appellant's claim for judicial reformation of the deed, and in granting appellee's motion on the same issue[.]

The Supreme Court noted that in its petition for discretionary review to the North Carolina Supreme Court, petitioner had restated its third issue as follows:

> Whether genuine issues of material fact exist precluding summary judgment for Appellee-Respondents on Plaintiff-Petitioner's. . . deed reformation claim.

The order of the Supreme Court of North Carolina further stated that the Court of Appeals failed to address this issue in its second opinion.

## II. Factual Background

The factual background of this case has been set forth in detail in the prior two opinions of this Court. Those recitations are hereby incorporated into this opinion by reference as if fully set forth herein.

## III. Trial Court's Denial of Plaintiff's Motion for Summary Judgment on its Claims for Judicial Reformation of the Deed

In its fifth cause of action stated in its First Amended and Restated Complaint, plaintiff asserted that there were errors contained in deeds as "the result of a mutual mistake." Plaintiff further alleged that it was "entitled to judicial reformation of the deeds which were the subject of the Exchange Agreement to conform to the intention of the parties as depicted in the Michael Underwood map. . ."

On 27 August 2010, plaintiff moved for partial summary judgment on its fifth and seventh causes of action. On 23 September 2010, defendants moved for partial summary judgment on plaintiff's first,

second, third, fifth, and seventh causes of action. On 12 October 2010, the trial court granted defendants' motion for summary judgment on plaintiff's first, second, third, fifth, and seventh causes of action, and denied plaintiff's motion for summary judgment as to plaintiff's fifth and seventh causes of action.

On appeal to the Court of Appeals, plaintiff presented three issues. The third issue presented was "[w]hether the Trial Court erred in denying Appellant's Motion for Summary Judgment on Appellant's claim for judicial reformation of the Deed, and in granting Appellee's motion on the same issue."

In the opinion filed on 6 March 2012, the Court of Appeals addressed this issue as follows:

> Finally, Plaintiff argues that the trial court erred by denying Plaintiff's motion for summary judgment on Plaintiff's claim for judicial reformation. We disagree.

> "Where a deed fails to express the true intention of the parties, and that failure is due to the mutual mistake of the parties, or to the mistake of one party induced by fraud of the other, or to the mistake of the draftsman, the deed may be reformed to express the parties' true intent." *Durham v. Creech*, 32 N.C. App. 55, 58-59, 231 S.E.2d 163, 166 (1977). When a party asserts mutual mistake as the basis for judicial reformation, "[t]he evidence presented to prove mutual mistake must be clear, cogent and convincing, and the question of reformation on that basis is a matter to be determined by the fact finder." *Smith v. First Choice Servs.*, 158 N.C. App. 244, 250, 580 S.E.2d 743, 748 (2003). "[B]ecause mutual mistake is one that is common to *all the parties to a written instrument*, the party raising the defense must state with particularity the circumstances constituting mistake as to all of the parties to the written instrument." *Van Keuren v. Little*, 165 N.C. App. 244, 247, 598 S.E.2d 168, 170 (2004) (internal quotation marks and citation omitted).

> In preparation for litigation about the ownership of the bulkhead, Plaintiff discovered that it mistakenly conveyed property to Partners in the 2004 exchange of parcels. In support of its claim of mutual mistake, Plaintiff failed to offer clear, cogent, and convincing evi-

dence of Partners' mistake. Plaintiff's affidavit from its attorney proves that it was aware at the time of the exchange that the vesting deed and the surveyor's description gave different descriptions, but both descriptions purported to convey Plaintiff's .28 acres. Plaintiff relied on the description in the vesting deed and unfortunately, Plaintiff gave more than the .28 acres that it contemplated at the time of the exchange. Although convincing evidence of Plaintiff's mistaken belief, Plaintiff's evidence fails to establish clear, cogent, and convincing evidence of Partners' mistaken belief at the time of the exchange. Accordingly, Plaintiff's final argument is overruled.

*Inland Harbor I*, ___ N.C. App. at ___, 724 S.E.2d at 97-98.

In the opinion filed on 4 September 2012 the Court of Appeals further addressed this question:

Finally, Plaintiff argues that the trial court erred in granting summary judgment to Defendants on Plaintiff's claim for judicial reformation of the deed based on mutual mistake. It is well-established that "[w]hen a party seeks to reform a contract due to an affirmative defense such as mutual mistake ... the burden of proof lies with the moving party[ ]" to prove mutual mistake by clear, cogent, and convincing evidence. *Smith v. First Choice Servs.*, 158 N.C. App. 244, 250, 580 S.E.2d 743, 749 (2003). In *Inland Harbor I*, we concluded that Plaintiff failed to meet this burden. Because Plaintiff failed to meet its burden of showing a mutual mistake, the trial court did not err in granting summary judgment to Defendants on this issue.

*Inland Harbor II*, ___ N.C. App. at ___, 731 S.E.2d at 707.

Plaintiff's brief before the Court of Appeals asserted that a deed from plaintiff to defendants conveyed more land than was intended by plaintiff. Plaintiff then went on to acknowledge two important legal principles applicable to this case: (1) the presumption of correctness of written instruments; and (2) that this presumption can be overcome only by clear, cogent, and convincing evidence of a mutual mistake of the parties. These principles were the basis of the trial court's ruling and the two prior decisions of the Court of Appeals.

Plaintiff was required to show a mutual mistake, *i.e.* a mistake by *both* parties, by clear, cogent and convincing evidence in order to prevail on its claim for judicial reformation. Upon the cross-motions for summary judgment, plaintiff failed to make such a showing.

In its petition for discretionary review to the Supreme Court of North Carolina, plaintiff contends that this Court failed to properly apply the case of *Hice v. Hi-Mil, Inc.*, 301 N.C. 647, 273 S.E.2d 268 (1981), which plaintiff asserts is controlling precedent. In *Hice*, the case was tried before a judge, sitting without a jury. The trial court found that plaintiff showed a mutual mistake, and ordered reformation of the deed. This judgment was affirmed by both the Court of Appeals and the Supreme Court. The Supreme Court held that the "trial court's conclusions of law and findings of fact are amply supported by the evidence." *Id.* at 653, 273 S.E.2d at 272. The case was not decided pursuant to a motion for summary judgment, as was the case currently before this Court. The standards of appellate review are different for a bench trial and a summary judgment order.

In *Hice*, the Supreme Court stated the applicable law to be as follows:

> In an action for reformation of a written instrument, the plaintiff has the burden of showing that the terms of the instrument do not represent the original understanding of the parties and must do so by clear, cogent and convincing evidence. *Isley v. Brown*, 253 N.C. 791, 117 S.E.2d 821 (1961); *Insurance Co. v. Lambeth*, 250 N.C. 1, 108 S.E.2d 36 (1959); *Perkins v. Perkins*, 249 N.C. 152, 105 S.E.2d 663 (1958); *Hege v. Sellers*, 241 N.C. 240, 247, 84 S.E.2d 892, 897 (1954); *Coppersmith v. Insurance Co.*, 222 N.C. 14, 21 S.E.2d 838 (1942). Additionally, there is "a *strong presumption* in favor of the correctness of the instrument as written and executed, for it must be assumed that the parties knew what they agreed and have chosen fit and proper words to express that agreement in its entirety." *Clements v. Insurance Co.*, 155 N.C. 57, 61, 70 S.E. 1076, 1077 (1911) (emphasis added). This presumption is strictly applied when the terms of a deed are involved in order "to maintain the stability of titles and the security of investments." *Williamson v. Rabon*, 177 N.C. 302, 306, 98 S.E. 830, 832 (1919); *accord, Isley v. Brown*, 253 N.C. at 793, 117 S.E.2d at 823.

*Id.* at 651, 273 S.E.2d at 270.

We can discern no difference in the statement of the applicable legal principles set forth in *Hice* and those set forth in our prior two opinions in this case.

In order to survive a motion for summary judgment in this case, plaintiff was required to show not just a mistake on its own part, but a *mutual mistake* on the part of all parties. This had to be shown by clear, cogent and convincing evidence. Plaintiff failed to make such a showing based on the materials presented to the trial court at the summary judgment hearing.

The trial court correctly determined, based upon the aforementioned legal principles, that there was not a genuine issue of material fact as to plaintiff's fifth cause of action. The dismissal of that claim, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, is

AFFIRMED.

Judges GEER and HUNTER, Robert N., Jr. concur.