LeGRAND A. VAN KEUREN, Plaintiff v. YVONNE LITTLE, Defendant

No. COA03-1389

(Filed 6 July 2004)

## 1. Release—: mutual mistake—allegations insufficient

The trial court correctly granted summary judgment for defendant where plaintiff was struck by defendant's car in a parking lot while he was walking toward his company car, plaintiff signed a release with defendant in return for a payment from defendant's insurer, and plaintiff later contended that he had not intended to waive pursuit of underinsured motorist coverage. Plaintiff's affidavit does not establish a prima facie case of mutual mistake in that it did not state with particularity the circumstances constituting mistake as to all parties.

## 2. Release— motion to reform—implicitly denied

The trial court did not err by not considering plaintiff's affidavit about a release as a motion to reform the release. The court implicitly denied any motion to reform when it granted summary judgment for defendant. Moreover, the affidavit did not request a hearing or set forth relief sought, and did not contain the allegations required to reform a written document.

Appeal by plaintiff from order entered 10 July 2003 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 26.May 2004.

*Pinto, Coates, Kyre & Brown, PLLC, by Paul D. Coates and Richard L. Pinto, for plaintiff-appellant.*

*Bennett & Guthrie, P.L.L.C., by Roberta B. King and Rodney A. Guthrie, for defendant-appellee Yvonne Little.*

*Ellis & Winters LLP, by Thomas D. Blue, Jr., for unnamed defendants-appellees Safeguard Insurance Company and Royal & SunAlliance.*

TYSON, Judge

LeGrand A. Van Keuren ("plaintiff") appeals after the trial court entered summary judgment against him. We affirm.

VAN KEUREN v. LITTLE

[165 N.C. App. 244 (2004)]

## I. Background

On 22 May 1999, plaintiff was walking across a parking lot towards his company car when he was struck by a car driven by Yvonne Little ("Little"). Following this incident, plaintiff consulted with an attorney. Plaintiff's attorney sent a claim letter to Little's liability insurance carrier, Integon Insurance Company ("Integon"). Integon had a liability limit of $25,000.00 for plaintiff's claim. On 18 October 1999, plaintiff, represented by counsel, signed a "Release of All Claims" ("release") in favor of Little in return for $25,000.00 from Integon.

On 26 April 2001, plaintiff contacted Royal & SunAlliance ("Royal"), his employer's automobile insurance carrier. His letter provided written notice of Integon's tender and stated:

Please be advised that we are providing you notice, pursuant to G.S. § 20-279.21(b)(4), that Integon, the liability carrier in this matter has tendered its limit of $25,000.00.

We are hereby providing you this notice pursuant to the statute, so that you can preserve your rights of subrogation, if you deem so, by advancing pursuant to the statute.

Royal did not respond. On 31 August 2001, plaintiff executed a release entitled, "Settlement Agreement and Covenant Not to Enforce" ("settlement agreement"). On 19 November 2001, plaintiff sent Royal a copy of this settlement agreement

Plaintiff initiated this action against Little on 21 May 2002 for injuries resulting from the accident. The complaint was served on Little and Royal, an unnamed defendant. All defendants answered and asserted the release as an affirmative defense.

On 27 January 2003, Little moved for summary judgment and argued the release barred plaintiff's claim. On 23 May 2003, Royal moved for judgment on the pleadings based on the release. The trial court conducted a hearing on 7 July 2003, considered the pleadings and plaintiff's affidavit that had been filed on 3 July 2003, and converted Royal's motion into a motion for summary judgment. The trial court granted summary judgment in favor of all defendants. Plaintiff appeals.

## II. Issues

The issues presented are whether: (1) the trial court erred in granting summary judgment when plaintiff asserted a mutual mistake

of fact existed among the parties to the release; (2) plaintiff's affidavit should have been considered as a motion to reform; and (3) Royal waived its rights of subrogation and to approve the settlement with Integon.

### III. Summary Judgment

[1] Plaintiff argues the release was executed under mutual mistake because he did not intend to release his right to pursue underinsured motorist coverage. We disagree.

A trial court properly grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

> "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." An issue is genuine if it is supported by substantial evidence.

*Best v. Ford Motor Co.*, 148 N.C. App. 42, 44, 557 S.E.2d 163, 165 (2001), *per curiam aff'd*, 355 N.C. 486, 562 S.E.2d 419 (2002) (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)). Once the moving party shows that no genuine issue of material fact exists, the nonmoving party has the burden "to produce a forecast of evidence demonstrating *specific facts, as opposed to allegations,* showing that [he] can at least establish a *prima facie* case at trial." *Best*, 148 N.C. App. at 44, 557 S.E.2d at 165 (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied*, [534 U.S. 950], 151 L. Ed. 2d 261 (2001)).

> A release is a formal written statement reciting that the obligor's duty is immediately discharged. A release given for valuable consideration is a complete defense to a claim for damages due to injuries. Releases and covenants not to sue are treated the same under the Uniform Contribution Among Tort-feasors Act (Act). Under the Act, a release or covenant not to sue that is given in good faith to one or more persons liable for the same injury does not discharge other tortfeasors, unless otherwise provided. However, absent other evidence, a release that releases all other persons or entities is valid.

*Best*, 148 N.C. App. at 44, 557 S.E.2d at 165 (internal citations omitted).

"A release may be avoided upon evidence that it was executed as a result of fraud or mutual mistake." *Best*, 148 N.C. App. at 44, 557 S.E.2d at 165. "Mutual mistake is 'a mistake common to all the parties to a written instrument . . . which usually relates to a mistake concerning its contents or its legal effect.'" *Id.* at 46-47, 557 S.E.2d at 166 (quoting *Sykes v. Keiltex Indus., Inc.*, 123 N.C. App. 482, 486, 473 S.E.2d 341, 344 (1996)).

In *Best*, the plaintiff-automobile passenger made claims against her driver, the automobile dealer, the automobile manufacturer, the air bag manufacturer, and the driver of the other vehicle and his employer for injuries she sustained in a crash. 148 N.C. App. at 43-44, 557 S.E.2d at 164. In conjunction with her settlement with the other driver and his employer, the plaintiff executed a general release. *Id.* The trial court granted summary judgment in favor of the dealer and manufacturers in a subsequent action based on the release. *Id.* at 44, 557 S.E.2d at 164. Plaintiff argued the release was executed under a mutual mistake of fact and asserted her affidavit, along with a former adjuster's affidavit, stating that she had not intended to release any other party. *Id.* at 46, 557 S.E.2d at 166. The plaintiff's affidavit merely stated she never intended to release the other parties and failed to set forth *specific facts* to establish mutual mistake. *Id.* at 47, 557 S.E.2d at 166.

We affirmed the trial court's award of summary judgment against the plaintiff due to her failure "to submit any evidence that . . . the other parties to the Release . . . were mistaken as to the effect of the Release." *Id.* We held, "because mutual mistake is one that is common to *all the parties to a written instrument*, the party raising the defense must state with particularity the circumstances constituting mistake as to all of the parties to the written instrument." *Id.* at 47, 557 S.E.2d at 166 (citation omitted).

Here, plaintiff's affidavit fails to establish a *prima facie* case of mutual mistake. The release signed by plaintiff states:

the Undersigned, being of lawful age, for the sole consideration of Twenty Five Thousand and 00/100—Dollars . . . does hereby . . . release, acquit and forever discharge Yvonne Little . . . and all other persons, firms, corporations, associations or partnerships of and from any and all claims of action . . . resulting from the

accident, casualty, or event which occurred on or about the 22nd day of May 1999, at or near Adams Farm, Greensboro, N.C. . . . .

Plaintiff's affidavit states, "It is my belief that the carrier for the defendant forgot, as did my attorneys, of the potential underinsured claim in preparing and reviewing the settlement documents that were executed." Plaintiff also stated, "When I accepted the $25,000 . . . I intended to pursue an underinsured claim . . . ." These conclusory statements fail to show specific facts of mutual mistake, "lack[s] particularity" and is "insufficient to withstand a motion for summary judgment." *Id.* at 47, 557 S.E.2d at 166.

Further, plaintiff's affidavit fails to "state with particularity the circumstances constituting mistake as to all parties to the written instrument." *Id.* Plaintiff presented *no* evidence and made *no* allegation that Little, who was a named party to the release, was mistaken concerning any legal effect of the release.

Plaintiff failed to forecast evidence sufficient to make a *prima facie* case and show that a genuine issue of material fact existed regarding mutual mistake in executing the release. The trial court did not err in granting summary judgment against plaintiff. This assignment of error is overruled.

### IV.  Motion to Reform

[2] Plaintiff contends the trial court failed to consider his affidavit as a motion to reform. We disagree.

When the issue of reformation has been raised,

> [t]he party asking for relief by reformation of a deed or written instrument, must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties, to be incorporated in the deed or instrument as written, and second, that such stipulation was omitted from the deed or instrument as written, by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draughtsman. Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument because of the mistake does not express the true intent of both parties. The mistake of one party to the deed, or instrument, alone, not induced by the fraud of the other, affords no ground for relief by reformation.

*Matthews v. Shamrock Van Lines, Inc.*, 264 N.C. 722, 725, 142 S.E.2d 665, 668 (1965) (quoting *Crawford v. Willoughby*, 192 N.C. 269, 271,

134 S.E. 494, 495 (1926)). "[M]istake as a ground for relief should be alleged with certainty, by stating the facts showing the mistake . . . ." *Matthews*, 264 N.C. at 725, 142 S.E.2d at 668 (quoting 1 McIntosh, North Carolina Practice and Procedure § 990 (2d Ed. 1956)). In order to satisfy this requirement and sufficiently set forth the grounds to reform the writing, our North Carolina Supreme Court adopted the Massachusetts Supreme Court's reasoning that the party must allege "(1) that the parties intended to include the omitted provision; (2) stating the substance of the omitted provision; (3) stating the provision of the executed lease; and (4) that the omission was by mistake (that is, human failure of performance) of the parties and 'without intention or design' . . . ." *Matthews*, 264 N.C. at 726, 142 S.E.2d at 669 (quoting *De Vincent Ford Sales v. First Mass. Corp.*, 336 Mass. 448, 451, 146 N.E.2d 492, 494 [1957])).

Here, plaintiff filed an affidavit with the trial court on 3 July 2003 that stated, "justice and equity require the first Release document be reformed so as to allow my pursuit of an underinsured claim . . . ." The parties stipulated that during the summary judgment hearing plaintiff orally moved the trial court to consider his affidavit as a motion to reform the release. After "review[ing] the submissions of the parties including the plaintiff's affidavit," the trial court entered an order granting summary judgment for both Little and Royal.

By granting summary judgment, the trial court implicitly denied plaintiff's motion to reform the release. Were we to presume the trial court granted plaintiff's oral motion to consider his affidavit as a motion to reform the release, the affidavit did not request a hearing or "set forth the relief or order sought" as required by the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2003). Further, plaintiff's affidavit fails to set forth any of the allegations to reform a written document as required under our Supreme Court's reasoning in *Matthews*. 264 N.C. at 726, 142 S.E.2d at 669. This assignment of error is overruled.

## V. Rights of Subrogation

Plaintiff argues Royal waived its right of subrogation and right to approve plaintiff's settlement with Integon. In his brief, plaintiff cites to his assignments of error and asserts genuine issues of material fact exist regarding the validity of the release and mutual mistake among the parties. We have already ruled on these assignments of error and held that the trial court did not err in granting summary judgment against plaintiff. This assignment of error is overruled.

## VI. Conclusion

The trial court properly granted summary judgment in favor of Little and Royal. The trial court properly refused to treat plaintiff's affidavit as a motion to reform the release. The judgment of the trial court is affirmed.

Affirmed

Judges BRYANT and STEELMAN concur.