An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-67

Filed: 15 September 2015

Transylvania County, No. 12 CVS 434

OCWEN LOAN SERVICES, LLC and DEUTCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE HOLDERS OF DSAMP 2002-HE2, Mortgage Pass Through Certificates Series 2002-HE2, Plaintiffs,

v.

WILLIAM HEMPHILL, UNITED STATES DEPARTMENT OF TREASURY–INTERNAL REVENUE SERVICE, Lien Holder; SOUTHERN CONCRETE MATERIALS, INC., Judgment Creditor; BREVARD CONCRETE MATERIALS, LLC, Judgment Creditor; KINGSWAY READY MIX, INC., Judgment Creditor; and PATRICK COOPER, Judgment Creditor, Defendants.

Appeal by defendant from an order entered 31 July 2014 by Judge William H. Coward in Transylvania County Superior Court. Heard in the Court of Appeals 3 June 2015.

> *Ferikes & Bleynat, PLLC, by H. Gregory Johnson, for plaintiff-appellees.*
>
> *Donald H. Barton, for defendant-appellant.*

CALABRIA, Judge.

William Hemphill ("defendant") is the only party appealing from an order granting Ocwen Loan Services, LLC's (collectively with Deutche Bank, "plaintiffs")

summary judgment motion that ordered reformation of a deed of trust due to a mutual mistake regarding the legal description. We affirm.

## I. Background

Defendant and his wife Edna Kay Hemphill lived with their six children in Brevard, North Carolina and operated a concrete finishing business. The Hemphills built their home on 1.65 acres of land that they purchased in 1977 (more fully described in Book 222, Page 459 of the Transylvania County North Carolina Public Registry ("TCP registry") ("1.65-acre tract"), and in 1983, they purchased an adjoining 0.03 acres of raw land as part of their driveway (more fully described in Book 257, Page 538 of said registry) ("0.03-acre tract") (collectively, the two tracts are "the property"). The property was appraised at $97,000.00.

On 4 December 1997, the Hemphills borrowed a principal amount of $77,600.00 from JRMK Co., Inc. ("JRMK") to pay for their son's college expenses and for equipment for defendant's concrete finishing business. The promissory note, which was secured by a deed of trust prepared by the parties' closing attorney Gregory Bennett, was recorded on 8 December 1997 and then re-recorded on 4 February 1998 in Deed Book 270, Page 665 in the TCP registry to correct a typographical error in the address. The deed of trust included the physical address of the residence, "120

Hudlin Gap, Pisgah Forest, North Carolina   28768[,]"[1] but the legal description included only the metes and bounds of the 0.03-acre tract.

On 11 October 2006, Mrs. Hemphill died.  Eventually, defendant's arrhythmic heart condition forced him to reduce his workload.  After the reduction in his income and loss of his wife's disability checks, defendant defaulted on his promissory note payments.  On 5 November 2009, defendant received a notice of default in the amount of $6,909.07 which included intent to accelerate payment on the note.  Subsequently, defendant signed a repayment plan agreement and a hardship affidavit with the "Making Home Affordable Program."  As a result of defendant's decreased income and increased expenses, he requested modification of his payment plan and was also referred to a credit-counseling agency.  Despite these efforts, defendant defaulted on the note.  In April 2011, the loan was subsequently assigned to Deutsche Bank—the current holder of the note and deed of trust—who sought to foreclose on the residence and real property of the 1.65-acre tract.

On 10 August 2012, plaintiffs filed a complaint against defendant requesting a declaratory judgment, quiet title, reformation, and constructive trust.  In an amended complaint, plaintiffs also requested judicial foreclosure.  Plaintiffs then filed motions for party joinder of other judgment creditors as necessary parties.  After the

---

[1] The property's address was incorrectly listed on the original deed of trust as 128 Hudlin Gap Road.  On 26 January 1998, the deed of trust was modified with the correct address:  120 Hudlin Gap Road.  The address has since been changed to 390 Hudlin Gap Road.

trial court granted the joinder motion, plaintiffs filed an amended complaint against defendant and the joined parties on 15 January 2014. Subsequently, two of the joined parties were dismissed from the action. Southern Concrete Materials, Inc.'s judgment against plaintiffs expired and had not been renewed. The Internal Revenue Service requested dismissal from the action because it no longer had an interest in the property.

On 13 May 2014, plaintiffs filed a motion for summary judgment. Defendant filed an affidavit in opposition to the motion. On 31 July 2014, after a summary judgment hearing, the trial court granted plaintiffs' motion for summary judgment and ordered a judicial foreclosure of the property pursuant to N.C. Gen. Stat. § 1–339.1 (2013). Although the remaining named defendants joined at the trial level—United States Department of Treasury–Internal Revenue Service, Southern Concrete Materials, Inc., Brevard Concrete Materials, LLC, Kingsway Ready Mix, Inc., and Patrick Cooper—did not appeal the trial court's summary judgment order, defendant appeals.

## II. Analysis

### A. Statute of Limitations

As an initial matter, we note that defendant argues the trial court erred in granting plaintiffs' summary judgment motion because summary judgment precluded consideration of defendant's statute of limitations defense.

Pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure (2015), "[i]ssues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned." N.C.R. App. P. 28(b)(6). "It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein." *Goodson v. P.H. Glatfelter Co.*, 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005).

Although plaintiffs' brief addresses the statute of limitations defense and notes the complaint was timely filed, defendant's brief fails to cite any authority relating to a potential statute of limitations defense. Therefore, defendant's claim that the trial court erred in not considering the potential statute of limitations defense was not argued and is deemed abandoned pursuant to N.C.R. App. P. 28(b)(6). As such, we decline to further consider whether summary judgment precluded a statute of limitations defense.

### B. Mistake

Defendant also contends that the trial court erred in granting summary judgment in favor of plaintiffs because there is a genuine issue of material fact as to whether the alleged draftsman's error was a mutual mistake, a unilateral mistake, or whether it was a mistake at all. We disagree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2013). "An issue of fact is genuine where supported by substantial evidence, and 'is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action.' " *Wells Fargo Bank, N.A. v. Coleman*, __ N.C. App. __, __, 768 S.E.2d 604, 608 (2015) (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)). "The moving party has the burden of clearly establishing the lack of any triable issue of fact[.]" *Town of West Jefferson v. Edwards*, 74 N.C. App. 377, 378, 329 S.E.2d 407, 409 (1985) (citation omitted). "Once the moving party shows that no genuine issue of material fact exists, the nonmoving party has the burden 'to produce a forecast of evidence demonstrating *specific facts, as opposed to allegations*, showing that he can at least establish a *prima facie* case at trial.' " *Van Keuren v. Little*, 165 N.C. App. 244, 246, 598 S.E.2d 168, 170 (2004) (citations omitted). " 'When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party.' " *Austin Maint. & Constr., Inc. v. Crowder Constr. Co.*, __ N.C. App. __, __, 742 S.E.2d 535, 541 (2012) (quoting *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008)). We review *de novo* a trial court's order granting or denying summary judgment. *Inland Harbor Homeowners Ass'n v. St. Josephs Marina, LLC*,

222 N.C. App. 689, 692–93, 731 S.E.2d 704, 706 (2012) ("*Inland Harbor I*") (reconsidered on other grounds) (citing *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009)).

Although there is a "presumption of correctness of written instruments[,] . . . this presumption can be overcome only by clear, cogent, and convincing evidence of a mutual mistake of the parties." *Inland Harbor Homeowners Ass'n v. St. Josephs Marina, LLC*, __ N.C. App. __, __, 741 S.E.2d 392, 394 (2013) ("*Inland Harbor II*"). "A mutual mistake is one that is shared by both parties to the contract, wherein each labors under the same misconception respecting a material fact, the terms of the agreement, or the provisions of the written instrument designed to embody such agreement." *Wells Fargo*, __ N.C. App. at __, 768 S.E.2d at 611 (citation omitted) (internal quotation marks omitted). The moving party is "required to show a mutual mistake, *i.e.* a mistake by *both* parties, by clear, cogent[,] and convincing evidence in order to prevail[.]" *Inland Harbor II*, __ N.C. App. at __, 741 S.E.2d at 394. "If the evidence is strong, cogent, and convincing that the deed, as recorded, did not reflect the agreement between the parties due to a mutual mistake caused by a drafting error, a deed can be reformed." *Drake v. Hance*, 195 N.C. App. 588, 592, 673 S.E.2d 411, 414 (2009) (citations omitted) (internal quotation marks omitted); *see also Parker v. Pittman,* 18 N.C. App. 500, 504, 197 S.E.2d 570, 573 (1973) ("[A] deed . . . may be reformed to express [the true intention of the parties] only when the failure is due to

the mutual mistake of the parties, to the mistake of one party induced by fraud of the other, or to mistake of the draftsman.").

In *Inland Harbor II*, this Court held that denial of the plaintiff's motion for summary judgment on its claim for judicial reformation was proper because the plaintiff could not show that *both* parties made a mistake in the deed regarding ownership boundaries. __ N.C. App. at __, 741 S.E.2d at 394–95. By contrast, in *Hice v. Hi-Mil, Inc.*, the plaintiff alleged—and the trial court agreed—that when the plaintiff conveyed close to a thousand acres of contiguous "mountain land" to the defendant, a "thirteen[-]acre tract which was part of [her] twenty-five acre homeplace . . . was mistakenly included in the deed[.]" 301 N.C. 647, 650, 273 S.E.2d 268, 269 (1981). Because the plaintiff intended to convey only contiguous mountain land located some distance from her homeplace, but her lawyer mistakenly included the thirteen-acre tract in the deed, and the defendant allegedly agreed that the tract was not supposed to have been included in the original deed, our Supreme Court held that the record contained "clear, cogent and convincing evidence of mutual mistake as to what land was being conveyed." *Id.* at 652, 273 S.E.2d at 271.

In the instant case, the deed of trust referenced defendant's principal residence: "Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument[.]" This language informed defendant that he was required to use the

property as his principal residence as security for the $77, 600.00 loan.  According to

defendant's deposition, 120 Hudlin Gap Road, the address of his principal residence

located on the 1.65-acre tract of land, does not include the 0.03-acre tract.

> Q. [I]s [the 0.03-acre parcel] part of 120 Hudlin Gap Road
> as well?
>
> A. Well, I never did put a PO Box on it. . . . It never was
> registered to the 120 Hudlin Gap.

When asked if the 0.03-acre tract consisted only of raw land, defendant also

confirmed, "Yeah. There's nothing on it."  Defendant continued:

> Q. So at the time you knew you were putting your home up
> as collateral for this loan?
>
> A. Um-hmm. . . . If you didn't have a home on the property,
> you couldn't borrow money against it.
>
> Q. Did you intend to put the .03 acres?
>
> A. That's what I intended to do, yes.
>
> Q. Along with your house?
>
> A. Yes.

In addition to defendant's deposition testimony, the record contains a "Uniform

Residential Appraisal" that was performed on 3 October 1997.  The market value of

the property was appraised at $97,000.00.  The completed appraisal analysis listed

the property address as "120 Hudlin Gap Road, Pisgah Forest, NC  28768[,]" included

the legal description of both the 1.65-acre and 0.03-acre tracts ("Deed Book 222, Page

459 & Deed Book 257, Page 538"), and identified the physical characteristics of the residence. The site area was recorded as 1.75 acres and included 1,464 square feet of gross living area and a double carport. When asked, "Would you agree with me that this appraiser is essentially valuating your home and property, referencing those two deeds, for [$]96,833?" defendant responded, "Yeah." To the follow-up question, "And that would not be just the .03-acre property, would it?" defendant responded, "Well, I would say not, yeah."

Plaintiffs produced the deed of trust, the residential appraisal, the residential insurance policy, which listed JRMK as a loss-payee in the event damage to the home occurred, and a Federal Truth in Lending Disclosure Statement that provided, "You are giving a security interest in: 120 HUDLI[N]GAP RD." All of these documents show that both parties believed the deed of trust was secured by both the 1.65-acre tract that included defendant's home and the 0.03-acre tract. Although the deed of trust included the physical address of the residence, "120 Hudlin Gap, Pisgah Forest, North Carolina 28768[,]" the legal description only included the metes and bounds of the 0.03-acre parcel. Just as in *Hice*, where additional land included in the legal description of a deed was evidence of a mutual mistake, the evidence in the instant case regarding the legal description of the deed of trust was sufficient to rebut the presumption that the deed was correct as written and executed. Consequently, the moving party showed by clear, cogent, and convincing evidence that both plaintiffs

and defendant made a mutual mistake in believing that the description of the deed of trust included the 1.65-acre tract, and no genuine issue of material fact exists.

Even though plaintiffs have shown that no genuine issue of material fact remains, if defendant "produce[d] a forecast of evidence demonstrating *specific facts, as opposed to allegations*, showing that he can at least establish a *prima facie* case at trial[,]" then summary judgment would be improper. *Van Keuren*, 165 N.C. App. at 246, 598 S.E.2d at 170 (citations omitted) (internal quotation marks omitted). Defendant suggests that because he allegedly had judgments or liens against the 1.65-acre tract but not against the 0.03-acre tract, this "might have been the reason the bank and the closing attorney chose to secure the promissory note with a Deed of Trust on the unencumbered [0.03-acre tract]." This speculation amounts to "allegations" and not the required "forecast of evidence demonstrating specific facts." As such, we reject defendant's argument that there is a question of material fact relating to whether there was a mutual mistake in the drafting of the deed.

We also reject defendant's contention that the trial court erred in granting summary judgment because the trial court made findings of fact in its order granting summary judgment. The trial court did not make any specific findings of fact, but instead concluded that the evidence in the record satisfied plaintiff's burden of proof by clear, cogent, and convincing evidence, as is the standard. The undisputed evidence supports the trial court's finding that plaintiffs established by clear, cogent,

and convincing evidence that a mutual mistake was made in the drafting of the deed of trust and that because of the mutual mistake, the document did not express the true intent of the parties. Therefore, we affirm the trial court's order granting summary judgment in favor of plaintiffs and ordering reformation of the deed of trust to reflect the true intention of the parties regarding the legal description.

### III. Conclusion

The trial court heard and considered plaintiffs' evidence, which included the deed of trust, the residential appraisal, the residential insurance statement, the location of the residence, and defendant's own statements regarding his intention to use his home as collateral. There is no evidence to support defendant's contention that plaintiffs may have intended to only attach the 0.03-acre tract of land. According to his own testimony, defendant intended to include the 0.03-acre tract with the 1.65-acre tract. Thus, no genuine issue of material fact remained. As a result, the trial court was left to determine if, as a matter of law, the evidence met the clear, cogent, and convincing standard required to show mutual mistake.

We find there was sufficient evidence that plaintiffs and defendant made a mutual mistake in drafting the deed of trust by not describing the 1.65-acre tract of land that included the residence. Therefore, the trial court properly granted plaintiffs' motion for summary judgment based on mutual mistake and properly allowed reformation of the deed to reflect the true intention of the parties regarding

the legal description. Because defendant's statute of limitations defense is deemed abandoned pursuant to N.C.R. App. P. 28(b)(6), we decline to determine whether summary judgment precluded this defense. We affirm the trial court's order granting plaintiffs' motion for summary judgment.

AFFIRMED.

Judges ELMORE and DILLON concur.

Report per Rule 30(e).